UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>$40,526.00 U.S. CURRENCY SEIZED FROM A CHEVROLET SILVERADO,<br><br>        Defendant. | CIVIL ACTION NO. 4:25-cv-05685 |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Nicholas J. Ganjei, and the undersigned counsel, Elizabeth Wyman, Assistant United States Attorney, files this action for forfeiture *in rem* against $40,526.00 in U.S. Currency seized from a Chevrolet Silverado ("Defendant Property"). The United States respectfully alleges on information and belief as follows:

**NATURE OF THE ACTION**

1.    This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), as well as all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act. The Defendant Property was intended to be furnished in exchange for approximately 16 kilograms of cocaine, a controlled substance, and it was intended to be used to facilitate violations of the Controlled Substances Act, including 21 U.S.C. §§ 841(a), 844, and 846.

1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a), as well as *in rem* jurisdiction pursuant to 28 U.S.C. § 1355(b)(1)(A).

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1)(A), 1391(b)(2), and 1395. Acts and omissions giving rise to the forfeiture occurred in the Southern District of Texas.

## THE DEFENDANT PROPERTY

4.      The Defendant Property is $40,526.00 in U.S. Currency, which was seized from the center console of a Chevrolet Silverado bearing Texas license plate STM-5589.

## FACTUAL BASIS FOR FORFEITURE

5.      This case involves a conspiracy and attempt to purchase a large amount of cocaine using the Defendant Property and other currency in violation of the Controlled Substances Act.

6.      On March 19, 2024, the Drug Enforcement Administration (DEA) received information from a confidential source (CS) that individuals present at a certain shop in the Southern District of Texas ("Target Location") were interested in purchasing ten kilograms of cocaine.  The CS described the individuals as black males from Louisiana.

7.      A DEA Task Force Officer observed a brown Volvo with a Louisiana license plate in the parking lot of the Target Location.  Representatives of the DEA and Houston Police Department (HPD) jointly established surveillance in the vicinity of the Target Location.

8.      The CS then arrived at the Target Location.  He/she informed agents that he/she met with two individuals, J.D.Z. and J.D., inside the Target Location.  J.D. had $40,000 in United States Currency, and he stated that he was waiting for his partner to arrive with additional cash. The CS agreed to sell J.D. cocaine for a price of $12,000 per kilogram.

9.      Shortly after this conversation, a Chevrolet Silverado bearing Texas license plate STM-5589, registered to an individual named J.J. ("Target Vehicle 1") arrived at the Target Location with two black males inside.  One of the individuals, later identified as J.J., got out of the vehicle with a large bag and entered the Target Location.  The other individual, later identified as M.T., got out of the passenger side of the vehicle and then got into the driver's seat.

10.      The CS informed agents that J.J. entered the Target Location with a large amount of cash, and that J.D.V., J.J., and J.D. counted the currency.  J.D.V., J.J., and J.D. stated they had enough money to purchase 16 kilograms of cocaine.  The CS agreed to sell them cocaine at the residence of J.D.V., which was believed to be located near the Target Location.  The CS informed agents that J.J., J.D., and J.D.V. would be leaving the Target Location in a red Toyota Tundra with the money to purchase cocaine.

11.      A task force officer then observed J.D.V., J.D., and J.J. get into a red Toyota Tundra, bearing Texas license plate RTX8588 ("Target Vehicle 2") and leave the Target Location. An agent also observed Target Vehicle 1 depart in tandem behind Target Vehicle 2 and travel South.  A task force officer coordinated with Harris County Precinct 2 Constable's Office to conduct traffic stops on both vehicles.

12.      A deputy with the Constable's Office conducted a traffic stop on Target Vehicle 2 at an intersection in South Houston, within the Southern District of Texas.  When the traffic stop was initiated, Target Vehicle 2 pulled back onto the road and continued traveling south, where a second deputy conducted a traffic stop for a turn signal violation.  An HPD Detective and a Task Force Officer joined the deputy at the scene of the traffic stop.  The driver of Target Vehicle 2 was determined to be J.D.V., and the two passengers were J.J. and J.D.  J.D.V. consented to a search of Target Vehicle 2.  The HPD Detective and the Task Force Officer located a large bag of United

States Currency in the vehicle, later determined to be $70,000.00 in cash.  The HPD Detective then searched J.J. and found $20,000.00 United States Currency in a fanny pack-type bag on his person.  In addition, the HPD Detective found $20,156.00 in United States Currency in the pants pocket of J.D.  The currency in Target Vehicle 2 was secured with rubber bands in different denominations, consistent with narcotics trafficking.  The HPD Detective further located a silver revolver in the backseat of Target Vehicle 2.

13.    A deputy from the Constable's Office conducted a traffic stop on Target Vehicle 1. A DEA agent, Task Force Officer, and HPD Detective arrived at the scene of the traffic stop of Target Vehicle 1.  The driver of Target Vehicle 1, M.T., consented to a search of the vehicle.  The HPD Detective located two stacks of United States Currency, later determined to be $40,526.00— the Defendant Property—in the center console of the vehicle.  The DEA Agent asked M.T. if the money belonged to him, and he stated it did, and that he was going to use it to purchase a trailer. The Agent asked where he was buying the trailer, and M.T. stated he did not know, but that he was driving around looking for a trailer to buy.  The Agent asked how much money was in the center console, and M.T. said he believed it was $15,000.

14.    J.J. has since filed a claim for the Defendant Property, stating it belonged to him, and that it was "being used to purchase several vehicles for resale."

## CONCLUSION

15.    Under the totality of the circumstances, there is reason to believe that the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money "intended to be furnished by any person in exchange for a controlled substance," and as money "intended to be used to facilitate any violation" of the Controlled Substances Act.

## <u>NOTICE TO ANY POTENTIAL CLAIMANT</u>

The United States will serve notice, along with a copy of the Complaint, on the property owner(s) and on persons who reasonably appear to be potential claimants.

YOU ARE HEREBY NOTIFIED that if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## **RELIEF REQUESTED**

The United States demands a jury trial. The United States seeks a final judgment forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,
NICHOLAS J. GANJEI
United States Attorney

*/s/ Elizabeth A. Wyman*
Elizabeth A. Wyman
SDTX Federal No. 2294662
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000
Fax: (713) 718-3300

## **VERIFICATION**

I, Christopher Detorre, Task Force Officer with the U.S. Drug Enforcement Administration, declare under the penalty of perjury, as provided by 28 U.S.C. §1746, that the facts set forth in the foregoing Verified Complaint For Civil Forfeiture In Rem and Notice to Potential Claimants are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on <u>11-25-2025</u>.

_____
Christopher Detorre
Task Force Officer
U.S. Drug Enforcement Administration